IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TEENA DRAPER                                                                                    PLAINTIFF

vs.                                              Civil No. 04-6020

MICHAEL J. ASTRUE[1]
Commissioner, Social Security Administration                                            DEFENDANT

**MEMORANDUM ORDER**

Pending now before this Court is the Plaintiff's Motion for Attorney's Fees brought pursuant to 42 U.S.C. § 406(b) (2004), a memorandum brief in support of this motion for attorney's fees, and an affidavit from the Plaintiff's attorney, Richard S. Muse. (Dkt. Nos. 24-26).[2] This motion and the supporting documents were filed on March 6, 2007. *Id.* The Commissioner responded on March 19, 2007. (Dkt. No. 27). This matter is ready for decision.

**Background:**

Teena Draper ("Plaintiff") appealed to this Court from the Commissioner of the Social Security Administration's ("Commissioner") denial of disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. No. 1). On January 24, 2005, the Honorable Judge Bobby E. Shepherd affirmed the decision of the Commissioner and dismissed Plaintiff's complaint with prejudice. (Dkt. No. 16). On December 27, 2005, the United States Court of Appeals for the Eighth Circuit reversed and remanded the decision of Judge Shepherd, and on January 6, 2006, this case was remanded to the Commissioner. (Dkt. Nos. 22, 23). On July 28, 2006, the Commissioner

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The document numbers for this case are referenced by the designation "Dkt. No."

entered a decision fully favorable to the Plaintiff. (Dkt. No. 26-2).

The Plaintiff was awarded a total of $41,558.52 in past-due benefits. (Dkt. No. 26-1, Pages 1-2). The Plaintiff's past-due Title II benefits or DIB totaled $32,572.50 and the Plaintiff's past-due Title XVI benefits or SSI totaled $8,986.02. *Id.* The Plaintiff's attorney states that the Commissioner has withheld $10,857.50 for the payment of attorney's fees. *Id.* The Plaintiff states that this amount constitutes 25 percent of past-due benefits awarded to the Plaintiff. *Id.* The Plaintiff's attorney seeks this amount for 39.35 hours he asserts were devoted to the representation of the Plaintiff before the district court and for 18.75 hours he asserts were devoted to the representation of the Plaintiff at the administrative level. *Id.* An award of $10,857.50 for 58.1 hours would represent a total of $186.88 per hour.

The Plaintiff's attorney has also filed his contingency fee agreement with the Plaintiff reflecting a 25 percent contingency fee if a "claim is awarded by the Appeals Council or by a Federal Court or following an order of remand issued by the Social Security Administration or a Federal Court." (Dkt. No. 26-3, Page 1). The Defendant does not oppose this request for fees, the Plaintiff's attorney's hourly rate, or the amount of fees requested. (Dkt. No. 27).

**Applicable Law:**

Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, that court is permitted to determine and to allow as part of its judgment a reasonable fee for the representation of the claimant before the court. This fee must not be in excess of 25 percent of the total past-due DIB to which the claimant is entitled by reason of such judgment, and this fee may be taken out of the amount of the Plaintiff's past-due DIB. *See Id.* However, a court is not authorized to award attorney's fees out of a claimant's past-due SSI. *See Id.; Bowen v. Galbreath,*

485 U.S. 74, 78 (1988) (holding that a court is not authorized to award past-due SSI benefits as attorney's fees under Section 406(b)).

Furthermore, a court is not authorized to approve a fee for time spent in the representation of the Plaintiff at the agency level. *See* 42 U.S.C. § 406(b)(1). It is the Commissioner's responsibility to award the fees for any representation before an agency and such fees are not awarded by the courts. *See Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the matter of attorney's fees for services performed at the administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts"). Instead, a plaintiff's attorney must petition the agency for these fees. *See* 42 U.S.C. § 406(a).

In determining the reasonableness of a requested fee, the Eighth Circuit previously determined that the "lodestar" approach should be applied. *See Cotter v. Bowen,* 879 F.2d 359, 363 (8th Cir. 1989), *abrogated by Gisbrecht v. Barnhart,* 535 U.S. 789 (2002). The lodestar approach for fee setting states that a reasonable fee is obtained by multiplying the number of hours reasonably worked on a case by a reasonable hourly rate. *Id.* The United States Supreme Court has, however, abrogated *Cotter* and held that the lodestar approach should not be used as the standard for calculating reasonable attorney's fees in Section 406(b) cases. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002).

Instead, the United States Supreme Court held that Section 406(b) instructs courts to use attorney-client contingency fee agreements to determine the fees to be awarded. *Id.* at 808. Courts should utilize these agreements in awarding fees because the court should not "override customary attorney-client contingent-fee agreements." *Id.* The court is, however, required to review the

reasonableness of fees yielded by a contingency fee agreement when awarding fees under Section 406(b). *Id.* (holding that "§ 406(b) instructs courts to review for reasonableness fees yielded by those [contingency-fee] agreements").

**Discussion:**

The Plaintiff's attorney asserts that he has spent 39.35 hours performing court-related services for his client. (Dkt. No. 26-5). The contingency fee agreement between the Plaintiff and the Plaintiff's attorney reflects that the Plaintiff agreed to pay her attorney 25 percent of the past-due benefits awarded if a claim is awarded "following an order of remand issued by the Social Security Administration or a Federal Court." (Dkt. No. 26-3). Twenty-five percent of the Plaintiff's past-due DIB is $8,143.13.[3] This total divided by 39.35 hours equals $206.94 per hour.

This Court finds that $206.94 per hour is a reasonable hourly rate. The Plaintiff and the Plaintiff's attorney entered into a 25 percent contingency agreement. (Dkt. No. 26-3). Based upon that agreement and the past-due DIB that have been awarded to the Plaintiff, the Plaintiff's attorney is to receive $206.94 per hour. The Plaintiff's attorney's regular hourly rate is $250 per hour. (Dkt. No. 26-1, Page 2). The Plaintiff's attorney has been practicing social security law for over forty years and one-half of his practice involves social security practice. *Id.* The fees customarily charged in the locality of the Plaintiff's attorney range from $150 per hour to $350 per hour. *Id.* Accordingly, based upon this information, this Court awards attorney's fees pursuant to the contingency fee agreement and finds that the Plaintiff's attorney's hourly rate is reasonable. *See Gisbrecht,* 535 U.S. at 793.

---

[3] Mr. Muse indicates that he is entitled to 25 percent of the Plaintiff's *total* past-due benefits. (Dkt. No. 24-1). However, Mr. Muse is only entitled at a maximum to 25 percent of Plaintiff's total past-due DIB, which totaled $32,572.50, or $8,143.13.

**Conclusion:**

Pursuant to 42 U.S.C. § 406(b), this Court approves an attorney's fees in the amount of $8,143.13 which represents 39.35 court-related hours at an hourly rate of $206.94.

ENTERED this 4th Day of April, 2007.

                                        /s/   Barry A. Bryant
                                        Honorable Barry A. Bryant
                                        United States Magistrate Judge